2004 VT 57

# Vermont Alliance of Nonprofit Organizations v. City of Burlington

[857 A.2d 305]

No. 03-436

Present: **Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.**

Opinion Filed June 18, 2004

*Neil H. Mickenberg* of *Mickenberg, Dunn, Kochman, Lachs & Smith, PLC*, Burlington, for Plaintiff-Appellee.

*Nikki A. Fuller*, Assistant City Attorney, Burlington, for Defendant-Appellant.

¶ 1. **Skoglund, J.** The City of Burlington appeals from a Chittenden Superior Court decision holding that the City had no authority to tax

the business personal property of the Vermont Alliance of Nonprofit Organizations (VANPO). We agree that the plain language of 32 V.S.A. § 3618(c)(1) limits the City's ability to tax business personal property to those of businesses conducted for profit. We affirm.

¶ 2. In response to a tax notice from the City, VANPO requested tax-exempt status for its business personal property on grounds that it was a nonprofit organization. VANPO's request was denied by the City Assessor, then by the Board of Assessors and, finally, by the Burlington Board of Tax Appeals. VANPO then appealed to the Chittenden Superior Court. In its motion for summary judgment, VANPO argued that it is a nonprofit organization and therefore business personal property was not taxable because 32 V.S.A. § 3618(c)(1) expressly defines "business personal property" eligible for taxation as "tangible personal property" used in any trade, business, or activity "conducted for profit."[1]

¶ 3. The City filed a cross-motion for summary judgment asserting that the Legislature did not intend § 3618(c)(1) to exempt personal property of businesses not conducted for profit and, if it had, it would have done so by including it in the list of exemptions found in chapter 125 of Title 32, specifically § 3802(4). Section 3802 enumerates, in fifteen subsections, when real or personal property may be exempt from taxation. See 32 V.S.A. § 3802. Subsection (4) provides an exemption for "[r]eal and personal estate granted, sequestered or used for public, pious or charitable uses." Id. § 3802(4).

¶ 4. The superior court found in favor of VANPO, holding that § 3618(c)(1) governed the question of whether the City may tax VANPO's personal property. Since § 3618(c)(1) exempts business personal property of nonprofit organizations from taxation and VANPO is a nonprofit, the court found that "there is no authority to tax its business personal property." This appeal followed.

¶ 5. On appeal, the parties debate the primacy of separate statutes governing property taxation. The parties agree that there were no facts in dispute before the trial court.[2] Our review of the taxation

---

[1] 32 V.S.A. § 3618 reads in pertinent part:

    (c) As used in this section:

        (1) "Business personal property" means tangible personal property . . . held for use in any trade, business, . . . activity or occupation conducted for profit . . . .

[2] The parties stipulated that VANPO is a Vermont nonprofit corporation, that it has tax exempt status as a charitable organization under § 501(c)(3) of the United States Internal

statutes involved and the question of law determined by the superior court is nondeferential and plenary. See *Thompson v. Dewey's S. Royalton, Inc.*, 169 Vt. 274, 276, 733 A.2d 65, 67 (1999); *Sigler Found. v. Town of Norwich*, 174 Vt. 129, 130, 807 A.2d 442, 443-44 (2002).

¶ 6. The issue for this Court involves the reconciliation of allegedly competing statutes and is one of first impression. In interpreting a statute, it is paramount that the intent of the legislature be ascertained and given effect. *Hartford Bd. of Library Trs. v. Town of Hartford*, 174 Vt. 598, 599, 816 A.2d 512, 515 (2002) (mem.). "[L]aws relating to a particular subject 'should be construed together and in harmony if possible.'" *Holmberg v. Brent*, 161 Vt. 153, 155, 636 A.2d 333, 335 (1993) (quoting *Downtown Rutland Special Tax Challengers v. City of Rutland*, 159 Vt. 218, 221, 617 A.2d 129, 131 (1992)). Moreover, "we must read the separate clauses of this [tax] statute together, as parts of a unified statutory system." *Lincoln St., Inc. v. Town of Springfield*, 159 Vt. 181, 184-85, 615 A.2d 1028, 1030 (1992) (quoting *American Museum of Fly Fishing, Inc. v. Town of Manchester*, 151 Vt. 103, 108, 557 A.2d 900, 904 (1989), saying that legislative intent is not gathered from "isolated sentences or phrases, but the 'whole and every part of the statute, the subject matter, the effects and consequences, and the reason and spirit of the law'"). However, when a statute is without ambiguity and plain on its face, we will enforce it according to its terms and "there is no need for construction; the legislative intent is to be ascertained from the act itself . . . ." *Hill v. Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983).

¶ 7. Chapter 123 of Title 32 establishes how, where, and to whom property should be taxed, including what type of property is subject to taxation. It creates the authority for towns and municipalities to tax both real and personal property as defined within the statute. 32 V.S.A. §§ 3602-3692. Municipalities are authorized to tax "tangible personal estate" pursuant to 32 V.S.A. § 3691, which is defined elsewhere as "all property other than real estate." 1 V.S.A. § 129. What constitutes tangible business personal property and how it should be taxed is specifically addressed in 32 V.S.A. § 3618.

¶ 8. In contrast, chapter 125 of Title 32 sets forth specific types of property that are expressly exempt from taxation. Included in that chapter is the authority for a municipality to "elect not to tax, in whole

---

Revenue Code, and that "[a]s a not for profit corporation, VANPO's activities, including, without limitation, its business activities, are not conducted for profit."

or in part, business personal property." 32 V.S.A. § 3849(a). Section 3849(b) states in full: "[a]s used in this section 'business personal property' means property defined in section 3618(c) of this title." *Id.* § 3849(b).

¶ 9. After comparing these separate chapters and the specific provisions therein, we conclude that the court was correct in holding that 32 V.S.A. § 3618(c)(1) controls, and that only business personal property as defined therein is subject to municipal taxation. The plain language of § 3618(c)(1) excludes by definition business personal property of nonprofits from the class of property that could be considered taxable. This reading of the statutes finds support in the Legislature's use of the same definition of business personal property in § 3618(c)(1) and again in § 3849(b), in the chapter enumerating what type of taxable property is exempt from taxation. On these grounds, we find that 32 V.S.A. § 3618(c)(1) governs the question of whether the City can tax business personal property of nonprofit businesses and, since VANPO is a not for profit enterprise, the City lacks the authority to tax its personal property.

¶ 10. After reminding us that "exemptions from taxation are to be strictly construed, and that no claim of exemption can be sustained unless within the express letter or necessary scope of the exempting clause," *English Language Ctr. v. Town of Wallingford*, 132 Vt. 327, 329, 318 A.2d 180, 182 (1974), the City argues that to read § 3618 as excluding all business personal property of nonprofits would create a broad exemption unintended by the Legislature. The only appropriate place, the City insists, to give such an exclusion would be under an exempting clause in chapter 125. This approach, according to City, is the only reconciliation of the statutes that avoids inconsistencies with other provisions found in chapter 125 and existing case law.

¶ 11. Specifically, the City suggests that if VANPO wants its property to be tax-exempt, it must qualify for the specific exemption contained in § 3802(4) which excludes personal estate "used for public, pious or charitable uses" from taxation. See 32 V.S.A. § 3802(4). This might be true had the definition of business personal property provided in § 3618(c)(1) not expressly excluded nonprofit business personal property from that which can be considered taxable. As VANPO points out, § 3618 provides no authority to tax personal property of a business operated not for profit. One does not reach the issue of "exemption" if the property in question is not the type or kind of property that is subject to tax in the first instance.

¶ 12. The City also suggests that if § 3618 precludes the City from taxing the personal property of nonprofit businesses, there would be no need for the Legislature to have promulgated § 3802(15) which provides tax exemption for the "[r]eal and personal property owned by a charitable, nonprofit organization devoted to the welfare, protection and humane treatment of animals." Granted the exemption found in § 3802(15) overlaps somewhat with § 3618, but it is in no way redundant, as § 3802(15) grants tax exemption to both real and personal property of a specific class of nonprofit organizations. In any event, this overlap does not affect the fact that the Legislature excluded personal property of nonprofit businesses from the class of property subject to tax in the first instance.

¶ 13. Finally, the City insists that the superior court's interpretation makes a substantial body of case law interpreting § 3802(4) "nonsensical," citing to various cases in which this Court addressed the tax-exempt status of property owned by nonprofit organizations. See *American Museum of Fly Fishing*, 151 Vt. at 108-10, 557 A.2d at 903-05; *Sigler*, 174 Vt. at 131-35, 807 A.2d at 445-47; *Inst. of Prof'l Practice, Inc. v. Town of Berlin*, 174 Vt. 535, 536-39, 811 A.2d 1238, 1239-43 (2002) (mem.). The cases cited are distinguishable, however, because they involved only real property, not personal property, and evaluated whether the organization's use of the land met designated criteria to gain tax-exempt status, under either the "essential governmental function" test, *American Museum of Fly Fishing*, 151 Vt. at 110-11, 557 A.2d at 904-05 (rejecting "essential governmental function" test in favor of "public use" test) or the "public use" test, *Sigler*, 174 Vt. at 131-35, 807 A.2d at 445-47 (whether real property benefitted an indefinite class of persons who are part of the public); *Inst. of Prof'l Practice*, 174 Vt. at 536-38, 811 A.2d at 1240-42 (same). Our resolution of the question presented in this case in no way conflicts with existing case law.

¶ 14. Because of the limitation for purposes of taxation to personal property held by a business operated for profit found in § 3618, we affirm.

*Affirmed.*