2006 VT 130

**Kelly J. BEGIN v. James BENOIT**

[915 A.2d 786]

No. 06-030

¶ 1. December, 6, 2006. Plaintiff Kelly Begin brought an action for partition against defendant James Benoit seeking equitable division of the parties' interests in their jointly owned home. In deciding the parties' respective interests in the property, the trial court considered plaintiff's financial contribution to the property before she acquired a legal interest in the home and certain debts incurred by the parties. In addition, the court made awards of personal property to each of the parties and ordered that they come to an agreement about a jointly owned time-share unit and camper. Defendant appeals from the trial court order, claiming that the order went beyond the scope of a partition action under 12 V.S.A. § 5161. We affirm in part and reverse in part.

¶ 2. The parties are unmarried, but were in a long-term relationship from 1993 to February 2004. They began living together, with plaintiff's daughter, in early 1994 and expected to eventually marry. In October 1994, the parties had a daughter together and decided to jointly purchase a home. In furtherance of their plan, they hired a buyer broker to jointly represent them, viewed properties together, and ultimately decided in the summer of 1996 that they wished to purchase the home that is the subject of this partition action. The parties attempted to obtain a mortgage together, but due to plaintiff's poor credit history, the bank advised the couple to leave plaintiff's name off the deed, mortgage, and promissory note for the original financing. Plaintiff's name was left off the documents, defendant obtained the mortgage, and defendant's name alone was placed on the deed. The closing on the purchase occurred in September 1996. At the time, the parties both understood that they were purchasing the property jointly and agreed that plaintiff's name would be added to the deed some time after closing.

¶ 3. The parties moved into the home and, as the trial court found, began dividing the living expenses on a 50/50 basis, "with the major exception being that [defendant] sometimes failed to pay his portion of the real estate taxes." Over the years in which they lived in the home, the parties refinanced the property a total of three times. By 2003, plaintiff's credit had been rehabilitated, but due to financial pressures on the family, the parties decided to refinance their home a final time to pay off some debt owed by each of them. In light of plaintiff's rehabilitated credit, the parties formally added her name to the property title and continued to share living expenses equally. The parties separated in February 2004 and plaintiff and the children moved out of the house. In December 2004, plaintiff filed this action for partition seeking division of the parties' interests in the jointly owned property.

¶ 4. To determine the parties' respective equity in the home, the trial court considered "the refinancing of the property that was done to pay real estate taxes . . . and several credit card balances," and found that defendant's net interest in the property was $22,842.50 while plaintiff's net interest was $52,157.50. Because the property was incapable of being divided into such shares, the court considered the equities and allowed plaintiff the opportunity to buy out defendant within forty-five days of its order. In the event plaintiff chose to do so, the court ordered that defendant's "$22,842.50 interest . . . be reduced by his child support arrearage, or $4,174.02." In addition, the court awarded plaintiff

certain items of personal property left on the premises, awarded defendant his truck, and ordered the parties to come to agreement about their jointly owned camper and time-share unit within ten days or both items would "be sold and the proceeds divided on a 50/50 basis." Defendant now challenges the trial court's authority to (1) consider plaintiff's contributions to the property prior to acquiring her joint interest and (2) divide personal property and debt between the parties in an action for partition.

¶ 5. Because this appeal concerns questions of law, our review is nondeferential and plenary. *Vt. Alliance of Nonprofit Orgs. v. City of Burlington*, 2004 VT 57, ¶ 5, 177 Vt. 47, 857 A.2d 305; *Thompson v. Dewey's S. Royalton, Inc.*, 169 Vt. 274, 276, 733 A.2d 65, 67 (1999).

¶ 6. We first deal with defendant's argument that in deciding the parties' respective interests upon partition, the trial court lacked authority to consider plaintiff's contributions to the home prior to acquiring a legal interest in the property. In Vermont, partition is governed by statute. 12 V.S.A. §§ 5161-5188. We have recently ruled, however, that the statutes dealing with partition of real estate "should be interpreted to give the trial court as many options as possible to achieve equity between the parties, including an expansive power to assign property to one of the co-tenants." *Wilk v. Wilk*, 173 Vt. 343, 346, 795 A.2d 1191, 1194 (2002). Furthermore, we noted that partition actions are equitable in nature and that in such actions, "'courts should consider all relevant circumstances to ensure that complete justice is done.'" *Id.* (quoting 7 R. Powell, Powell on Real Property § 50.07[3][a], at 50-40 (M. Wolf ed. 2001)). Thus, we find that while plaintiff was entitled to partition under 12 V.S.A. § 5161 only upon acquiring her joint tenancy in the property, once she

brought the partition action, the court was within its right to consider her prior financial contributions to the property in an effort to equitably divide the parties' interests.

¶ 7. Next, we consider the propriety of dividing certain items of personal property between the parties in a partition action. While we find merit to defendant's claim that partition concerns real property exclusively, we do not reach the issue because defendant failed to preserve it below. "Normally, failure to object below precludes review by this Court." *Deyo v. Kinley*, 152 Vt. 196, 200, 565 A.2d 1286, 1289 (1989). Where an aggrieved party fails to make a specific objection in the trial court, this Court need not address the issue on appeal. *Human Rights Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 252, 668 A.2d 659, 670 (1995).

¶ 8. At the outset of this litigation, plaintiff alleged in her complaint that the parties co-owned a time-share unit and camper, and that plaintiff was the sole owner of certain personal property left at the home. She requested that the trial court "divide the jointly-owned personalty in an equitable manner, [and] award her custody of her items." In his answer, defendant did not object to plaintiff's allegations and furthermore went on to concede that plaintiff's personal property remained at the home and was ready for pick-up. Upon review of the record, we find nothing to indicate a "specific objection" to the lower court's division of the personal property, and therefore conclude that defendant has waived the issue.

¶ 9. Finally, we address defendant's claim that the trial court overstepped its authority by considering the parties' respective debts in the action for partition. Here, it is important to distinguish between the types of debt discussed by the trial court in its order. On the one hand, the court appropriately considered

the parties' debt related to the refinancing of the home — including credit card debts paid off through additional mortgages. As mentioned above, the trial court has authority to "consider all relevant circumstances" in order to ensure a just outcome to the partition action. *Supra*, ¶ 6. Certainly, debt incurred on the home, the subject of partition, was relevant to determining the equities here. On the other hand, the court inappropriately considered defendant's child-support arrears and included a set-off for that debt in its order. Not only is the debt unrelated to the division of the home, defendant explicitly objected to the court's consideration of child-support arrears on the record, stating that a "partition action is not a divorce petition which compensates for … child support and alimony." Defendant went on to say that the court "must restrict itself to the contributions made to the real property" and that "[t]o do otherwise would be beyond the scope of 12 V.S.A. § 5161." On this point, we agree with defendant, and thus, we reverse the portion of the trial court's order that offsets defendant's interest in the house by $4,174.02 in the event that plaintiff exercises her right to buy out defendant's share of the property.

*Affirmed in part and reversed in part.*