2007 VT 116

## Brenda SIEGEL v. John MISCH

[939 A.2d 1023]

No. 06-456

¶ 1. October 11, 2007. Father appeals the family court's order granting mother's motion to modify the parties' parental rights and responsibilities with regard to their child. The family court granted mother's motion based on its finding that father's girlfriend was sexually abusing the child. Father argues that this finding was based on insufficient evidence because the court was bound by the Department for Children and Families' (DCF)

determination that the abuse was unsubstantiated, and that the court's finding was based on unreliable information. We disagree and affirm.

¶ 2. The following facts are undisputed or were found by the trial court. The parties' child was born on March 14, 2002. On May 14, 2004, the parties entered into a stipulation and order governing parental rights and responsibilities regarding the child. This order provided mother with sole legal and physical parental responsibilities and provided father with parent/child contact to increase as the child aged. Pursuant to the order, the child had been residing with mother and having parent/child contact with father at father's residence. Father resides with his girlfriend.

¶ 3. In July 2004, mother became concerned that the child was being sexually abused by father's girlfriend when she noticed bleeding around the child's rectum, observed and heard reports of the child engaging in uncharacteristic and inappropriate behaviors and speech, and was told by the child's babysitter that the child implicated the girlfriend. Mother took the child to a pediatrician, who reported her concern that sexual abuse had possibly occurred to DCF. DCF investigated the report and, on or about August 8, 2004, concluded that "there was not enough information in [the] case to substantiate the allegation of sexual abuse." DCF chose not to reopen the investigation after a second medical professional reported her concerns that sexual abuse had taken place.

¶ 4. A motion to modify parental rights and responsibilities was filed on February 25, 2005, and an evidentiary hearing was held on the motion over several days. At the evidentiary hearing, the parties concentrated on proving or disproving the allegations of abuse, and spent little time arguing about the substance of the order to be issued if the court found that the abuse occurred as alleged. On September

22, 2006, the Windham Family Court granted the motion to modify parental rights and responsibilities. The court found that the child had been sexually abused by father's girlfriend and that this constituted a change of circumstances justifying modification under 15 V.S.A. § 668. This appeal followed.

¶ 5. Father's first argument is that the evidence supporting the court's finding of sexual abuse was insufficient because the court was bound by DCF's finding that the allegations of sexual abuse were unsubstantiated. Father asserts that the standard by which we should review this issue is "plain error." In support of this proposition, father cites *State v. Weeks*, 160 Vt. 393, 628 A.2d 1262 (1993). However, *Weeks* is a criminal case. In civil cases, we review the factual findings of trial courts for clear error, see V.R.C.P. 52(a)(2), upholding findings on appeal if any credible evidence in the record supports them. *Lawson v. Brown's Home Day Care Ctr., Inc.*, 2004 VT 61, ¶ 18, 177 Vt. 528, 861 A.2d 1048 (mem.); see also *Hoover (Letourneau) v. Hoover*, 171 Vt. 256, 258, 764 A.2d 1192, 1193 (2000) (applying standard in custody case). We review questions of law without deference to the trial court under a plenary standard. *Vermont Alliance of Nonprofit Orgs. v. City of Burlington*, 2004 VT 57, ¶ 5, 177 Vt. 47, 857 A.2d 305. Father's first argument is essentially a legal one, and thus we review it under the second, less deferential standard.

¶ 6. Father's first argument fails. Father cites no authority, nor can we find any, that supports the proposition that the family court was required to give deference to or follow DCF substantiation decisions. Nor would it make sense to create that authority here. Father correctly asserts that "[w]hen a report of child abuse has been made [to DCF] an investigation is required," which culminates in a decision as to whether the report is substantiated. See 33 V.S.A. §§ 4914-4915. Father also correctly points out that a "[s]ubstantiated report means that [DCF personnel have] determined after investigation that a report is based upon accurate and reliable information that would lead a reasonable person to believe that the child has been abused." 33 V.S.A. § 4912(10) (internal quotations omitted). However, DCF makes the substantiation decision in order to assess its statutory obligation to provide services to a child and his family. See 33 V.S.A. § 4914 ("If the report is substantiated, services shall be offered according to the requirements of section 4915 of this title."). A family court evaluating a motion to modify parental rights and responsibilities has a different task. It must first determine whether the moving party has made "a threshold showing of a 'real, substantial and unanticipated change of circumstances.' " *Habecker v. Giard*, 175 Vt. 489, 490, 820 A.2d 215, 217 (2003) (quoting 15 V.S.A. § 668); see also *deBeaumont v. Goodrich*, 162 Vt. 91, 95, 644 A.2d 843, 845 (1994). "If the party makes this threshold showing, then the court may change custody only when the best interests of the child so require." *Habecker*, 175 Vt. at 490, 820 A.2d at 217; 15 V.S.A. § 668. While it may seem incongruous to litigants, DCF and family courts may come to different conclusions as to whether abuse has taken place, even when the evidence confronting both bodies is overlapping, as it is in this case.

¶ 7. In this case, the family court was presented with DCF's substantiation decision, DCF's decision not to reopen the investigation upon receipt of the second report, and testimony by the DCF personnel who investigated the reports of abuse, and had the opportunity to weigh those pieces of evidence when deciding whether abuse had occurred. There is nothing improper in the court having come to a different conclusion than DCF.

¶ 8. Father inserts into his first argument a claim that the court's reliance on

the testimony of a mental heath clinician was improper under *State v. Wetherbee*, 156 Vt. 425, 594 A.2d 390 (1991). In *Wetherbee*, we held that "[c]redibility of witnesses is the sole province of the factfinder and not a proper subject for expert testimony where the prosecution uses it to bolster its case." *Id.* at 431-32, 594 A.2d at 393. In that case, we reversed a defendant's conviction for lewd and lascivious conduct with a child where the trial court admitted an examining psychologist's expert testimony about statements made by the victim-witness. *Id.* at 437, 594 A.2d at 396. *Wetherbee* is inapposite to this case. Even if the rationale of *Wetherbee* is pertinent in a civil context, the child did not testify in this case, nor did any of the experts render an opinion on the credibility of the child's account of the abuse.

¶ 9. Father's second argument is that there was no "accurate and reliable information that would lead a reasonable person to believe" that father's girlfriend sexually abused the child and thus that the family court's finding that such abuse did happen was error. Father's second argument incorporates the definition of "substantiated report." See 33 V.S.A. § 4912(10) (" 'Substantiated report' means that the commissioner or the commissioner's designee has determined after investigation that a report is based upon *accurate and reliable information that would lead a reasonable person to believe* that the child has been abused or neglected.") (emphasis added). As such, at first blush it appears to be a reiteration of his first argument. However, father's reply brief makes it clear that the thrust of his argument is that even if abuse was supported by adequate evidence, the identity of the perpetrator was not. Father supports this argument by attacking the credibility and/or admissibility of the testimony of several witnesses under V.R.E. 701 and 702.

¶ 10. Father's second argument also fails. We will uphold factual findings on appeal if any credible evidence in the record supports them, *Lawson*, 2004 VT 61, ¶ 18, leaving credibility determinations to the trier of fact. *Mullin v. Phelps*, 162 Vt. 250, 261, 647 A.2d 714, 720 (1994); see also *Hoover*, 171 Vt. at 258, 764 A.2d at 1193 (applying standard in custody case). Father does not contend that there was no evidence that the child was sexually abused by his girlfriend. Rather, he asks this Court to reweigh the evidence after subtracting out testimony that he finds objectionable under V.R.E. 701 and 702. Because father did not properly preserve his evidentiary arguments below or has not shown that the family court's evidentiary rulings prejudiced him, and because it is not our function to reweigh evidence, this argument is unavailing.

¶ 11. We decline to discuss father's arguments under V.R.E. 701 as they were not raised at trial. Father argues that the testimony of mother and mother's friend was baseless opinion testimony under V.R.E. 701. Father does not identify where in the record his V.R.E. 701 objections were made, nor can we find such objections. We will not consider claims based on error in the admission of evidence that were not presented or ruled upon by the family court. See *Jordan v. Nissan N. Am., Inc.*, 2004 VT 27, ¶ 10, 176 Vt. 465, 853 A.2d 40 ("It is well settled . . . that matters not raised at trial may not be raised for the first time on appeal."); see also V.R.A.P. 28(a)(4) (appellant's brief must explain how issues were presented below and preserved for appellate review).

¶ 12. Furthermore, father has not shown how the admission of the mental health clinician's testimony that he objects to under V.R.E. 702 was prejudicial to him. See *Greene v. Bell*, 171 Vt. 280, 284, 762 A.2d 865, 869 (2000) ("an erroneous evidentiary ruling is grounds for reversal only if it affects a substantial right of the party."). Father objects to the mental health clinician's testimony that

the child "had inappropriate sexual contact of some nature . . . most likely while he was within his father's care." The closest father comes to an explanation of how the admission of this evidence prejudiced him is his argument that the mental health clinician "lent an aura of credibility and reliability and trustworthiness" in rendering that opinion that was "an impermissible invasion of the fact finder's function" under *Wetherbee*, 156 Vt. 425, 594 A.2d 390. We have already explained the inapplicability of *Wetherbee* to this case. In addition, father has failed to show that the family court impermissibly relied on the mental health clinician's statement that the child was likely to have had inappropriate sexual contact while in his father's care in finding that the child was abused by father's girlfriend. In fact, the family court stated that "if the [mental health clinician] had tried to give an opinion as to whether she felt a certain person had abused the child, that would not have been admissible." The family court relied on "the evidence . . . as a whole," including the testimony of four other witnesses, in coming to the conclusion that father's girlfriend sexually abused the child. Because evidence that father's girlfriend sexually abused the child was "otherwise presented at trial . . . we cannot conclude that the [family] court's ruling constituted prejudicial error requiring reversal." *Greene*, 171 Vt. at 285, 762 A.2d at 870.*

---

* It was unnecessary for the family court to find the identity of the perpetrator. A finding that the abuse likely occurred while in father's care was sufficient. Given the enormous consequences of such a finding, the circumstantial nature of the evidence, the age of the child, the need for expert testimony and the low standard of proof in a civil case, family courts should be reluctant to decide such an issue when it is unnecessary to support a change in custody. The child could have been protected without this finding.

¶ 13. The family court acknowledged that "evidence contrary to a finding of sexual abuse is present," but nonetheless based its findings on the "substantial evidence that it occurred." In so doing, the family court specifically credited mother's lay and expert witnesses and discredited father's expert witness in a discussion that spanned several pages. We have consistently noted that "[w]hen the evidence is conflicting, the credibility of the witnesses, the weight and sufficiency of the evidence, and its persuasive effect are questions for the trier of fact." *Griffith v. Nielsen*, 141 Vt. 423, 429, 449 A.2d 965, 968 (1982). We decline to reweigh the evidence. There was ample evidence in the record to support the family court's finding of abuse.

¶ 14. Finally, father argues in his reply brief that mother has an ulterior motive for pursuing this litigation. This is not a ground for appeal. Furthermore, arguments raised for the first time in a reply brief need not be considered. *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 1 n.2, 176 Vt. 356, 848 A.2d 310. To the extent that father raised any other issues on appeal, they were so inadequately briefed that we can not discern them and therefore do not address them. See *Johnson v. Johnson*, 158 Vt. 160, 164, n.*, 605 A.2d 857, 859 n.* (1992) (Supreme Court will not consider arguments not adequately briefed).

*Affirmed.*