STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| Godfrey Conditional Use Permit | { | Docket No. 67-5-13 Vtec |
| Godfrey Conditional Use Revocation | { | Docket No. 78-6-13 Vtec |

## Decision in On-the-Record Appeal

The two pending on-the-record appeals from decisions of the Town of Montgomery Development Review Board (the DRB) relate to an application by Luke Godfrey to convert a sawmill building on his property into a restaurant and bar. The property comprises approximately 10 acres on Deep Gibou Road, a class IV town road, in the Conservation I Zoning District (the Conservation District) in the Town of Montgomery, Vermont (the Town). The property is improved with a single family dwelling, a 2,500 square foot building that Mr. Godfrey has used as a sawmill (the sawmill building), and other accessory buildings. Mr. Godfrey previously obtained a variance from the DRB to construct the sawmill building and to operate a small-scale sawmill at this location. In December 2012 Mr. Godfrey applied to the DRB for a conditional use permit to convert the sawmill building into a restaurant and bar. After several hearings on the application, the DRB approved the application by vote at the close of the April 23, 2013 hearing and issued a written decision on April 30, 2013. A group of 15 Interested Persons (Petitioners) appeal this decision. The Town cross-appeals, asking whether the DRB erred as a matter of law in granting the conditional use permit. This appeal was assigned Docket Number 67-5-13 Vtec.

In response to the April 30 permit approval, the Town of Montgomery Selectboard sent a letter to the DRB on May 15, 2013 requesting reconsideration of the approval. The Selectboard letter states that because the Town of Montgomery Zoning By-Laws and Regulations (the Regulations) do not include a restaurant as a conditional use in the Conservation District, the DRB should not have granted the permit. The DRB held a "Special Meeting" on May 20, 2013 at which the DRB voted to reopen and reconsider the Godfrey application and ultimately voted to rescind the April 30 approval. Mr. Godfrey did not receive notice of that meeting and therefore was not present. Mr. Godfrey appeals the decision to rescind the permit and asks whether the decision is valid and enforceable. This appeal has been assigned Docket Number 78-6-13 Vtec.

1

In both of these coordinated matters Mr. Godfrey is represented by Jon Anderson, Esq., the Town is represented by Charles Merriman, Esq., and the Petitioners are self-represented with Gary Marrier as their designated spokesperson.

## I.   Standard of Review

In an on-the-record appeal, we consider only the decision below, the record made before the municipal panel, and the briefs submitted by the parties. In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). We do not take new evidence or complete our own determination of the facts. Instead, we review the municipal panel's findings of fact, which must "explicitly and concisely restate the underlying facts that support the decision." See 24 V.S.A. § 1209(a) and (b). We will uphold the DRB's factual findings if they are supported by substantial evidence in the record. See In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568. In examining the record for substantial evidence, we simply inquire whether the record includes relevant evidence that a "reasonable person could accept . . . as adequate" support for the panel's factual findings. See Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)). We must then determine whether the municipal panel's findings of fact support the panel's legal conclusions. We will review the DRB's legal conclusions without deference unless such conclusions are within the DRB's area of expertise. Stowe Highlands Resort, 2009 VT 76, ¶ 7.

## II.   The DRB Approval of Mr. Godfrey's Conditional Use Application

Mr. Godfrey argues that the DRB decision contains sufficient factual findings to support the DRB's legal conclusion that the application meets the standards set out in § 2.8 of the Regulations for conditional use approval. He also argues that the record contains substantial evidence in support of those findings. Neither the Town nor the Petitioners attack the DRB decision on the grounds that it contains insufficient findings of fact or that the factual findings are not supported by the record. Instead, the Town argues that the DRB exceeded its authority by granting a conditional use permit for a use that is not allowed as a conditional use in the Conservation District. The Petitioners make the same argument and further ask whether the

proposed restaurant and bar is out of character with the area and whether the proposed restaurant and bar will have adverse effects on the roads in the area.[1]

While the DRB's factual findings are essentially intermingled with the legal conclusions and are not as clear and specific as they could be, we do not further evaluate whether the factual findings regarding conditional use review are sufficient because the parties do not raise this question.[2] The primary dispute is whether the Regulations allow the DRB to consider a restaurant and bar in this location. Interpreting zoning regulations is a question of law that we will consider anew.

We interpret a zoning ordinance using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. Where the plain meaning of the ordinance is clear, it must be enforced and no further interpretation is necessary. Vermont Alliance of Nonprofit Orgs. v. City of Burlington, 2004 VT 57, ¶ 6, 177 Vt. 47 (citing Hill v. Conway, 143 Vt. 91, 93 (1983)).

The Regulations establish multiple zoning districts and provide that "[a]ll uses and structures must hereafter conform to the District prescribed uses set forth in [the zoning district section] and the [definitions section] . . . ." Regulations § 3.5. The Regulations list the following as permitted uses in the Conservation District: (a) agriculture, (b) forestry, (c) water storage and reservoirs, and (d) wildlife refuge. Id. § 3.6.5.1. The only conditional uses listed for the Conservation District are (a) camps and (b) single-family dwellings. Id. § 3.6.5.2. Based on the plain meaning of these provisions, we find that the Regulations prohibit the grant of a conditional use permit for a restaurant and bar in the Conservation District. We thus cannot uphold the DRB's legal conclusion granting Mr. Godfrey his permit as a conditional use.

---

[1] Because we conclude that the DRB is without authority to grant conditional use approval for the restaurant and bar, we need not reach Petitioners' questions regarding character of the area or whether there may be adverse effects on roads.

[2] For conditional use approval the Regulations require the DRB to find that the project will not have "an undue adverse effect" on any of five criteria. Regulations § 2.8.1. These are: (1) "the capacity of existing or planned community facilities"; (2) "traffic on roads and highways in the vicinity"; (3) "the utilization of renewable energy resources"; (4) "the character of the area affected, as defined by the purpose or purposes of the zoning district within which the project is located, and specifically stated policies and standards of the municipal plan"; and (5) "other Town By-laws, Ordinances, and Regulations then in effect." Id.

Mr. Godfrey argues that the DRB had authority to grant his permit under Regulations § 5.8, relating to a "home industry or service business." This section provides:

> A Home Industry or Service Business will be allowed as an Accessory Use, if such use is permitted in the District in which it lies, provided that there are no more than three (3) employees in addition to the family, that the business is carried on within the Principal or Accessory structure, that parking complies with these Regulations, and that no objectionable side effects are produced such as noise, smoke, dust, odors, etc.

Mr. Godfrey suggests that this provision gives the DRB the necessary authority to approve his application for the restaurant and bar. Mr. Godfrey's § 5.8 argument requires us to interpret the following language of that section: "A Home Industry or Service Business will be allowed as an Accessory Use, if such use is permitted in the District in which it lies . . . ." Mr. Godfrey suggests the words "such use" refer to a residential use being permitted in the district and not the use proposed as a home industry or service business. He argues that

> "Such use" must be interpreted to refer to a residential use if the ordinance is to have meaning. The Town did not intend the term "such use" to refer to home industry or service business since this use is not allowed as a permitted or conditional use in any zoning district. Rather the town intended such use to refer to a residential use to make it clear that home industry and service business could not be allowed as an accessory use in districts where residential uses are not allowed . . . .

(Godfrey Memorandum on Merits at 2 n. 1, filed Nov. 7, 2013.) We disagree.

The plain language of the provision indicates that a use otherwise allowed in a zoning district may be carried on as an accessory use within a dwelling or accessory structure provided the other requirements of § 5.8 are met. We interpret the provision to allow as a "home industry or service business" only those uses that are permitted in the zoning district. We will not interpret this provision as allowing essentially any use whatsoever as a "home industry or service business," without reference to the uses established in the specific zoning districts. Doing so would undermine the purpose of the district-specific use regulations. As a restaurant is not a permitted use in the Conservation District, we conclude as a matter of law that the DRB did not have authority to grant Mr. Godfrey his permit as a home industry or service business under § 5.8 of the Regulations. We therefore **REVERSE and VOID** the DRB's decision granting Mr. Godfrey a permit to establish a restaurant and bar.

We also note that, unlike the elements of the conditional use provision, the DRB made no findings regarding the elements of § 5.8. This is because the DRB did not review or grant

4

Mr. Godfrey approval under this section. By its plain language, § 5.8 requires that the "home industry or service business" be allowed "provided that" four elements are met: (1) "there are no more than three (3) employees in addition to the family", (2) "the business is carried on within the Principal or Accessory structure", (3) "parking complies with the[] Regulations", and (4) "no objectionable side effects are produced such as noise, smoke, dust, odors, etc." Id. The DRB's decision makes no mention of whether Mr. Godfrey intends to hire employees and imposes no condition preventing him from hiring any number of employees. Moreover, the decision contains no finding indicating that the restaurant and bar will be located in a principal or accessory structure. The DRB did consider compliance with the parking requirements and noise impacts. The DRB did not, however, make any factual findings regarding whether the proposed 50 seat restaurant would create smoke, dust, or odors. Thus, even were we to adopt Mr. Godfrey's legal argument interpreting § 5.8, we would be required to remand the decision to the DRB to consider these potential impacts. Remand, however, is not necessary as we conclude as a matter of law that the proposed restaurant and bar is not approvable pursuant to § 5.8.

### III.     The DRB Reconsideration and Revocation and the Town's Motion to Strike

Having found that the DRB lacked authority to grant the permit and having voided that decision, Mr. Godfrey's appeal in Docket No. 78-6-13 asking whether the DRB's reconsideration and rescission of the permit was appropriate is **DISMISSED as MOOT**.

Also pending before the Court is the Town's motion to strike Mr. Godfrey's response to the Town's reply brief as untimely. We recognize that we required all parties to submit both their principle and reply briefs concurrently and that Mr. Godfrey's so-called response to the Town's reply was not contemplated or allowed by the Court's Scheduling Order. We also recognize that it is unfair to the Town to allow Mr. Godfrey to file an additional memorandum outside of the scheduling order while the Town complied with the Scheduling Order. However, because we reject the legal argument presented in Mr. Godfrey's "response" memorandum, we **DENY** the Town's Motion to Strike because the late filing was not prejudicial to the Town.

### Conclusion

For all the reasons discussed above, we conclude that as a matter of law the proposed restaurant and bar is not allowed as either a Conditional Use or as a Home Industry or Service

5

Business in the Conservation District. For this reason we must **REVERSE and VOID** the April 30, 2013 decision of the Town of Monkton Development Review Board granting Mr. Godfrey a conditional use permit to operate a restaurant and bar (Docket No. 67-5-13 Vtec). Because of this reversal, Mr. Godfrey's appeal of the rescission of the permit (Docket No. 78-6-13 Vtec) is **DISMISSED as MOOT**. Lastly, we **DENY** the Town's Motion to Strike.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Done at Berlin, Vermont this 23rd day of January, 2014.

_____

Thomas G. Walsh, Environmental Judge