STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 43-3-14 Vtec |
| **Kodis Second Story Addition Application** | **DECISION ON MOTION** |

Rebecca Kodis ("Applicant") appeals the denial of her application for a permit to add a second story to her single-family dwelling at 14 High Street in the Town of Bristol, Vermont ("Town"). In connection with her appeal, Applicant filed a seven-part Statement of Questions, presenting legal issues generally related to whether the vertical expansion of her dwelling is permissible under the Town of Bristol Zoning Regulations. In response, the Town filed a motion for summary judgment as to all of Applicant's Questions.

The parties have agreed that there is no dispute as to the facts relevant and material to Applicant's Questions. The Town's summary judgment motion is therefore ripe for our review.

Applicant is assisted in this appeal by her attorney, Marc E. Wiener, Esq. The Town is assisted in this appeal by its attorney, James W. Runcie, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, all of which the parties represent are undisputed:

1. In August 2013 Applicant Rebecca Kodis purchased land and improvements at 14 High Street in the Town of Bristol, Vermont. Her property is located on the eastern side of High Street within the Town's High Density Residential Zoning District ("HDR District").

2. Applicant's property is an undersized lot that contains 0.07± acres. The Town of Bristol Zoning Regulations ("Regulations") direct that newly-created lots in the HDR District that host a single family dwelling must be at least 12,000 square feet in size, which equates to 0.275 of an acre. Regulations § 1009(C).[1]

---

[1] The Town filed a copy of the Regulations with its summary judgment motion, marked as Appendix A. We calculated that 12,000 sq. ft. equals 0.275 of an acre, based upon the estimate that there is 43,560 sq. ft. in an acre. Applicant represented that her property contains 0.07 of an acre on her application, a copy of which the Town attached to its motion as Appendix C. We understand that 0.07 of an acre equates to about 3,050 sq. ft.

3.     At the time of purchase, Applicant's property contained a single-story dwelling ("original structure") that was constructed prior to the adoption of the Town Zoning Regulations. The original structure was located 6 feet from the southern (side) property line and 11 feet from the eastern (rear) property line.

4.     The Regulations, adopted in 2006, establish 10 foot side-yard and 25 foot rear-yard setback minimums for single family dwellings in the HDR District. See Regulations § 1009(C).

5.     After acquiring her property, Applicant demolished the original structure and applied for two zoning permits. Her first permit application sought approval for the re-construction of a single-family dwelling within the original structure's footprint ("Permit Application #13.73"); her second application sought approval for the addition of a second story ("Permit Application #13.74"). As proposed, the second story addition would exceed the height of the original structure by 10 feet, but would remain within the original structure's footprint, thereby continuing to encroach into the side- and rear-yard setback areas. The added height of the proposed addition was to accommodate a second story of living space. See Appendix C at 3.

6.     The Town of Bristol Zoning Administrator ("Administrator") granted Permit #13.73 as a replacement of a pre-existing, non-conforming structure, since the Regulations allow a non-conforming structure to be "re-established" within one year of the original structure's demolition. See Regulations § 512(2).

7.     However, the Administrator denied Permit Application #13.74, after having concluded that the proposed second story addition constituted an unauthorized expansion of a non-conforming structure, in violation of Regulation § 512(4).

8.     Applicant appealed the denial of Permit Application #13.74 to the Town of Bristol Zoning Board of Adjustment ("ZBA"). In connection with her appealed application, Applicant sought two approvals: (a) to be allowed to enlarge a non-conforming structure pursuant to Regulation § 512(4), and (b) to be granted a variance from the specific requirements itemized in § 512(4).

9.     On January 14, 2014 the ZBA held a duly warned hearing on the appealed permit application and request for a variance. The ZBA denied both the permit application and the variance request on February 26, 2014. A copy of the DRB's notice of decision was filed with the Town motion as Appendix F.

2

10.     Applicant thereafter filed a timely appeal with this Court.

## Discussion

In the present motion for summary judgment, the Town asks the Court to deny Applicant's application as a matter of law because the proposed second story is impermissible under Regulations § 512(4). The Town asks the Court to hold that the vertical expansion of a non-conforming structure increases the non-conformity of the structure and therefore impermissibly increases the non-compliance of that structure; such non-compliance is expressly prohibited by Regulations § 512(4)(c). The Town also asks the Court to deny Applicant's request for a variance as a matter of law under Regulations § 342 because it is possible to develop the lot without increasing the non-conformity with the Regulations, making a variance unnecessary for the reasonable use of the property. We do not address this second legal issue because Applicant did not raise it in her Statement of Questions.

## I.    Standard of Review

A moving party is entitled to summary judgment upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). In considering a motion for summary judgment, we do not "make findings on disputed factual issues." Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

When considering the legal issues presented in this appeal, we are reminded that we must interpret a zoning ordinance using the general rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. Where the plain meaning of the ordinance is clear it must be enforced and no further interpretation is necessary. Vermont Alliance of Nonprofit Orgs. v. City of Burlington, 2004 VT 57, ¶ 6, 177 Vt. 47 (citing Hill v. Conway, 143 Vt. 91, 93 (1983)).

3

The pending appeal raises two questions regarding the addition of a second-story within the footprint of an existing non-conforming structure. The appeal challenges the ZBA determination that the addition of 10-feet to the height of a single-story dwelling located partially within the side- and rear-yard setback increases the structure's non-compliance with the Regulations, or, in the alternative, creates a greater nuisance or detriment, and is therefore impermissible under §§ 512(4)(c) and 512(4)(a). The appeal also questions whether the addition of a second-story changes the setback of the non-conforming structure and/or the structure's side or rear line under § 130. We address the latter questions first.

II.      **Questions 1, 2 and 3 – Setback and Side-Line**

Questions 1, 2, and 3 ask whether the addition of a second-story affects the structure's setback and lot-lines, defined in Regulations § 130. Question 1 asks whether the addition of a second-story changes the structure's setback, and Questions 2 and 3 ask whether the addition of a second-story changes the structure's side- and rear-lines.

As stated above, we interpret zoning ordinances using the general rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. Considering the plain meaning of § 130, which defines "setback" as the "[d]istance between buildings and property lines," and "lot line" as the "[p]roperty lines bounding a lot," we find nothing to support a finding that an addition to the height of a non-conforming structure affects or alters the setback or the lot lines. However, for the reasons detailed below, we conclude that our determination that while Applicant's proposed expansion of her home does not move the setback, that fact is not dispositive of the central question of whether Applicant's proposed expansion conforms to the Regulations. The fact that the setback lines themselves do not change with the addition of the second story is not dispositive of the central question: whether Applicant's proposed second story addition within the setback is permissible under Regulations § 512.

III.      **Questions 4 through 7 – Movement, Extension, or Enlargement of a Non-conformity**

Questions 4, 5, 6, and 7 address the addition of a second-story under the criteria listed in § 512(4). Questions 4 and 5 ask whether, when non-conformity is based on a structure's presence within the setback, the addition of a second-story within the existing footprint

4

increases the structure's non-compliance in violation of § 512(4)(c). Questions 6 and 7 ask whether, even if the alterations do not increase a structure's degree of non-compliance, they create a greater nuisance or detriment in violation of § 512(4)(a).

Because it is the "ultimate goal" of municipal zoning regulations "to gradually eliminate non-conforming uses," the expansion of a non-conforming structure must be carefully limited. In re Smith, 2006 VT 33, ¶ 10, 179 Vt. 636 (mem.). Section 512, which authorizes the indefinite continuation of any non-conformity in certain situations, provides these limits. Relevant to this appeal, § 512(4) restricts the movement, extension, or enlargement of a non-conforming structure. According to the plain language of § 512(4), such alterations are permissible if they satisfy three factors, listed therein. Section 512(4)(a) requires a finding that alterations would not create a greater nuisance or detriment; § 512(4)(b) requires a finding that alterations are consistent with the Town Plan; and § 512(4)(c) requires a finding that alterations would not increase the non-conforming structure's non-compliance with the Regulations. Regulations § 512(4)(a)–(c). If a proposed alteration to an existing non-conformity fails to meet any one of these standards, the application must be denied.

The Town argues that Applicant's proposed second-story addition would increase the structure's non-compliance with the Regulation's setback requirements by increasing the structure's volume within the setback. The Town asserts that because Applicant's single-story dwelling is non-conforming due to its presence within the setback—extending 4 feet into the side-yard setback and 14 feet into the rear-yard setback—a second-story addition would increase the volume of the building within the setback, thereby increasing the structure's non-compliance.

Applicant offers two legal theories to support her assertion that a second-story addition would not increase her home's non-conformity. First, Applicant asserts that the second-story would not increase non-compliance because it would add height, but not width, to the existing structure, and that the addition of 10 feet to the height of the structure would not affect its compliance with the 35-foot height limit in the HDR District. See Regulations § 1009(C). Second, Applicant argues that a trial is necessary because of an alleged inconsistency within the Regulations. Applicant asserts that there is an issue of material fact regarding whether the

Regulations treat side- and rear- yard "minimums," as that term is used in § 1009(C), differently from front yard setbacks.

Addressing Applicant's first argument, we consider the plain language of § 512(4)(c). Section 512(4)(c) clearly renders impermissible the extension or enlargement of a non-conforming structure that increases the structure's non-compliance with the Regulations. The addition of a second-story, which would add 10 feet to the height of the existing non-conforming structure but not extend any further into the setback than the original footprint, would increase the total volume of the structure within the setback. An increase in the total volume within the setback increases the structure's non-compliance with the Regulation's setback requirements.

We have addressed this same issue in a number of prior appeals. See In re Berger & Katz, No. 119-7-10, slip op. at 15 (Vt. Super. Ct. Envtl. Div., March 7, 2013) (Durkin, J.) (holding that alterations to a non-conforming structure's porch, located in the setback, that creates an enclosed space in the same footprint as the porch increases the degree of non-compliance by expanding the square footage within the setback);[2] In re Appeal of Tucker, No. 123-7-98 Vtec (Vt. Envtl. Ct. Aug. 2, 1999)(Wright, J.); aff'd No. 1999-399 (Vt., Mar. 10, 2000) (unpublished mem.) (three-justice panel) (finding that authorization for a one-story building in the setback does not authorize expansion to two stories); and Appeal of Keough, No. 244-11-02, slip op. at 1 (Vt. Envtl. Ct. Mar. 11, 2003) (Wright, J.) ("[A]n increase in height within the setback area would be considered an expansion of the existing nonconformity, even if it did not extend beyond the existing footprint.").

Most recently, our Supreme Court concluded that an increase in volume of a living space, even when the structural increase doesn't expand beyond a home's existing footprint, constitutes an impermissible expansion, when that expansion occurs within a designated

---

[2] Applicant attempts to distinguish our determination in Berger & Katz by noting that we initially denied summary judgment in a pre-trial decision. See In re Berger & Katz, No. 119-7-10 (Vt. Super. Ct. Envtl. Div. May 30, 2012) (Durkin, J.). But Applicant is mistaken in two respects. First, the summary judgment we declined to grant was a request from the applicants to rule that their expansion was allowable as a matter of law. Id. at 6. Second, we reserved our judgment on the propriety of applicants' proposed expansion until trial because the applicable zoning ordinance allowed for a reduction in the established setback. Id. We find no such option in the Bristol Zoning Regulations. But even when considering the pre-trial motions in Berger & Katz, we concluded that if an existing deck that encroached into a setback was converted into a two-story interior living space, the improvements constituted an impermissible expansion of a non-conformity. Id.

setback area.  In re Carrigan Cond. Use and Cert. of Compliance, 2014 VT 125 at ¶ 34 (concluding that the enclosure of a deck within the footprint of the existing deck increased the volume of the structure and therefore increased the degree of non-compliance with the applicable rear yard setback).  Much like the Carrigans increased the "volume" of their living space by enclosing their pre-existing deck, Applicant here seeks to increase the volume of her living space by adding a second floor to her home.  Because each expansion is occurring within a setback, each must be regarded as an expansion of a non-conformity.  Such expansions are not permitted in Bristol under Regulation § 512(4)(c).

Addressing Applicant's second argument, we consider the plain language of § 1009(C).  Section 1009(C) sets forth the district specific regulations in the HDR District.  Among the specific regulations, § 1009(C) establishes front, rear, and side-yard setback minimums for single-family dwellings.  Reading down the list, from top to bottom, subsection (C) establishes a "front yard setback minimum" of 40-feet, a "rear yard minimum" of 25-feet, and a "side yard minimum" of 10-feet.  An asterisk accompanies each descriptor, referring the reader to a paragraph at the bottom of the page.  This paragraph authorizes, in part, deviations from these limits for "[f]ront yard, side-yard and rear-yard setback requirements for barns, garages, sheds, open porches or decks . . . ."

Applicant argues that it is not clear that the "rear yard minimum" and "side yard minimum" in subsection (C) are treated the same as the "front yard setback minimum" and that there is a dispute of fact on this issue sufficient to preclude summary judgment.  We disagree.  The language of §1009(C), taken in its entirety, clearly establishes front, rear, and side yard setback minimums.  We understand this to be the only logical reading of § 1009(C).  We have not been able to discern an alternate reading of this Section and Applicant offers no other reading for us to entertain.  We therefore reject Applicant's second legal argument, conclude that the language of § 1009(C) is clear, and conclude that there is no disputed factual issue created by this language.

For the reasons stated above, we conclude that Applicant's proposed addition of a second-story is impermissible under § 512(4)(c) because it will constitute an increase in the structure's non-compliance with the Regulation's setback requirements.

7

Because the failure to satisfy any one of the criteria under § 512(4) renders an expansion or enlargement of a non-conforming structure impermissible, the Court declines to address Questions 6 and 7, regarding § 512(4)(a).

**<u>Conclusion</u>**

The Town's Regulations authorize the indefinite continuation of a non-conforming structure, but establish three criteria when considering the propriety of an extension or enlargement of such a structure. While Applicant is entitled to demolish and rebuild her original one-story, single family structure within one year, she must do so within the bounds of § 512(4). Alterations may only be permissible if they do not create a greater nuisance or detriment, are not inconsistent with the Town Plan, and do not increase the non-conforming structure's non-compliance with the Regulations. Regulations § 512(4)(a)-(c). Because the addition of a second-story within the footprint of the non-conforming structure would expand the structure's square footage within the setback, it would increase the structure's non-compliance with the setback requirements in § 1009. For this reason, we conclude that Applicant's proposed second-story addition is impermissible under § 512(4)(c) and that the Town's motion for summary judgment must be **GRANTED**.

Because our determinations here result in a denial of the pending application, this Decision concludes the pending matters before this Court. A Judgment Order accompanies this Decision.

Electronically signed in Newfane, Vermont on December 19, 2014, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

8