STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 121-8-14 Vtec |
| 934 North Avenue LLC Conditional Use<br>Application | DECISION ON MOTION |

## Decision on Motion for Summary Judgment

The matter presently before the Court relates to approximately 0.61 acres of land located at 934 North Avenue ("Property") in the City of Burlington, Vermont ("City"). The Property includes three one-bedroom apartments and a commercial space, which has been used as a funeral home since 1973. 934 North Avenue, LLC ("Applicant") now seeks conditional use approval for the Property as an "Attached Dwelling(s) —Mixed Use" to allow for continued use of the apartments and a change in use of the commercial space from a funeral home to general office use. On July 24, 2014 the City of Burlington Development Review Board ("DRB") denied the application and Applicant timely appealed that denial to this Court, filing a Statement of Questions consisting of three Questions. Applicant now moves for summary judgment in their favor on all three Questions. The City opposes Applicant's motion.

Applicant is represented by Daniel P. O'Rourke, Esq. and the City is represented by Kimberlee J. Sturtevant, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts which it understands to be undisputed:

1. 934 North Avenue, LLC ("Applicant") owns property consisting of approximately 0.61 acres located at 934 North Avenue ("Property") in the City of Burlington, Vermont ("City").

2. The Property is located in the Residential Low Density Zoning District ("RL District").

3. The Property includes a commercial space and three one-bedroom apartments.

4. Ready Funeral Services, Inc. has operated a funeral home in the commercial space since the Property was acquired in 1973. Ready Funeral Services, Inc. is currently the sole member of the Applicant limited liability company.

5. The funeral home was a permitted use in the zoning district in 1973. A funeral home use is now a conditional use in the RL District.

6. Ready Funeral Services used the commercial space for viewings and wakes, offices for its employees, a showroom for products, and a retail space for the sale of stationary and cards.

7. The Property is located directly across the street from the Burlington Elks Club, to the north of a large church, and to the south of a gas station, pharmacy, and bank.

8. The Elks Club is a non-conforming use, the church is a conditional use, and the bank, gas station, and pharmacy are in a different zoning district than Applicant's Property.

9. The application seeks to maintain the three existing apartments, a residential use, and to change the current use of the nonresidential portion of the property from a funeral home to a general office use. Applicant submitted a conditional use application to the City seeking approval to use the Property as an "Attached Dwelling(s)—Mixed Use."

## Discussion

In the present motion for summary judgment, Applicant asks the Court to conclude as a matter of law that its proposed use is allowable as "Attached Dwelling(s) – Mixed Use," an allowable conditional use under the City of Burlington Comprehensive Development Ordinance ("Ordinance") § 3.5.6(a)(2). (Applicant's Motion for Summary Judgment at 4, filed Jan. 7, 2015). Applicant argues that its proposed use fits within the definition of this use category and may, therefore, be approved as a conditional use. Applicant further argues that based on the undisputed facts it is entitled to a conditional use permit under the review criteria for conditional uses established in Ordinance § 3.5.6(a).

The City opposes the motion and argues that the Court should interpret "Attached Dwelling(s) – Mixed Use" to allow only a mix of uses otherwise approvable, that is conditional or permitted uses, within the RL District. Because general office use is not an allowed use, either permitted or conditional, in the RL District per Ordinance Appendix A – Use Table, the City argues the application should be denied. (City's Opposition at 1, filed Feb. 13, 2015).

Furthermore, the City argues that Applicant's proposed use of the Property does not satisfy the standards for conditional use under Ordinance § 3.5.6(a)(2). We discuss these arguments in turn.

## I.      Standard of Review

A moving party is entitled to summary judgment upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The court accepts as true all factual allegations made in opposition to the motion for summary judgment, so long as they are supported by "specific citations to particular parts of materials in the record" and gives the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures).

## II.     Questions 1 and 2

The parties focus their dispute upon the proper legal interpretation of the Ordinance as it applies to mixed uses in the RL District. We interpret a zoning ordinance using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. Where the plain meaning of the ordinance is clear, it must be enforced and no further interpretation is necessary. Vermont Alliance of Nonprofit Orgs. v. City of Burlington, 2004 VT 57, ¶ 6, 177 Vt. 47 (citing Hill v. Conway, 143 Vt. 91, 93 (1983)). In construing statutory or ordinance language, our "paramount goal" is to implement the intent of its drafters. Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61. We will therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8,189 Vt. 578 (quotations omitted).

Ordinance § 4.4.5(c) requires an applicant look to the Use Table in Appendix A for "[t]he principal land uses that may be permitted, or conditionally permitted pursuant to the requirements of Article 3, within the Residential Districts." The Use Table identifies "Attached Dwelling(s) – Mixed Use" as a conditional use in the RL District. The Definitions Section, Article

3

13, defines "Mixed Use, Attached Dwelling" as "a building containing any combination of residential and/or non-residential uses."

Applicant argues that their proposed development is permitted in the RL District because "Mixed Use, Attached Dwelling" is permitted as a conditional use in the RL District. (Applicant's Motion at 4, 5). They suggest that by its plain language, mixed use should "be recognized as a separate and distinct conditional use in the City's RL district." Id. at 4. The City, however, disagrees with this interpretation, arguing that regardless of whether mixed use is permitted as a conditional use in the RL District, "Office – General" is not a permitted or conditional use in the RL District, "whether or not they are included in a mixed use application." (City's Motion at 2). They suggest that "[i]t is illogical that the drafters intended for an office general use to be allowed in the RL district if it is part of a mixed use when it is not otherwise allowed" in that same District. Id. at 4.

By its plain language, we do not interpret § 4.4.5(c) and the Use Table to contemplate "Mixed Use, Attached Dwelling" as a separate and distinct conditional use in the RL District, irrespective of the uses allowed or specifically dis-allowed in that District. Although Article 13 defines the use as any combination of residential and/or nonresidential uses, it does not indicate that the drafters meant that any use, including a use that is specifically not allowed that District, would be allowed when combined with a residential use. As noted above, in construing ordinance language, our "paramount goal" is to implement the intent of its drafters and apply common sense. For this reason, we consider the Use Table, which sets out those uses that are allowed as of right in the RL District (permitted uses) and those uses that are allowed only after conditional use review (conditional uses). The Use Table also sets out uses that are prohibited and may not be located within the RL District, even subject to conditional use review.

While the Ordinance includes as a conditional use "Mixed Use, Attached Dwelling," the Court can think of no legitimate reason why the City would allow an otherwise prohibited use to be permitted under this category, merely because it is attached to a dwelling. No such explanation is offered in the Ordinance. Where the City has elected to prohibit a use in the RL District, a machine shop for example, regardless of whether an applicant seeking to open a

4

machine shop could satisfy the conditional use requirements, it makes little sense to then allow a machine shop as a conditional use when it is combined with a residential dwelling. In this Court's judgment, it would contravene the purpose of the Ordinance to allow an applicant to establish an otherwise prohibited use by attaching a residential use to it and calling it a "Mixed Use, Attached Dwelling."

Rather, the term "Mixed Use, Attached Dwelling" may reasonably be interpreted to expressly permit a mix of otherwise allowable uses in a single building, subject to conditional use review. Therefore, because the "Office – General" use category is not allowed as either a permitted or conditional use in the RL District, it cannot be one of the uses allowed under the "Mixed Use, Attached Dwelling" conditional use category.

Applicant complains that such a reading of the Ordinance, particularly the definition for "Mixed Use, Attached Dwelling," contradicts the express language of that definition. We note that the City could have avoided this legal dispute, had this definition included a clarifying phrase that the non-residential component of the mixed use must be one that was otherwise allowed in the specified District. However, when this Ordinance is read in its entirety, as we are directed to do under other precedent governing statutory construction, we conclude that a use prohibited in a certain zoning district may not be allowed, simply because it is attached to or "mixed" with a residential use.

When called upon to interpret language that is "part of a larger statutory scheme, we 'read operative sections of [the] statutory scheme in context and the entire scheme in *pari materia*.'" In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶6, 187 Vt. 637 (quoting Cushion v. Dep't of PATH, 174 Vt. 475, 479 (2002) (mem.)). Applicant seeks to change the use of the non-residential portion of its property to a general office use. Such a use is specifically listed as a "use not permitted" in the RL District. See Ordinance Appendix Table A at 4–5. Thus, were we to adopt Applicant's reasoning, we would allow a use in the RL District that the Ordinance specifically prohibits. Since such a use is specifically listed as one that is not allowed in the RL District, we decline to adopt Applicant's interpretation of the applicable Ordinance provisions.

**III.     Question 3**

Finding that Applicant's proposed development, which includes three one-bedroom residential units and a "general office" use, is not permitted in the RL District, we conclude that Question 3 is moot and that such a review is not necessary in connection with Applicant's pending summary judgment motion.  If we had concluded otherwise, we would have then embarked upon a review of the conditional use standards contained in Ordinance Article 3.

**Conclusion**

For the reasons stated above, we conclude that pursuant to Ordinance § 4.4.5(c) and as defined in Article 13, all intended uses proposed as part of a "Mixed Use, Attached Dwelling" must be either permitted or allowable as conditional uses and may not be specifically listed as "not permitted" in the RL District.  We therefore **DENY** Applicant's motion for summary judgment and are inclined to answer Questions 1 and 2 of Applicant's Statement of Questions in favor of the City of Burlington, thereby denying their application as a matter of law.  Since such a ruling would be beyond the scope of the pending motion, we will provide that parties with an additional thirty calendar days (i.e.: until **Monday, August 17, 2015**) to file any legal memoranda in support of or in opposition to such a judgment, pursuant to V.R.C.P. 56(f).  If the Court determines that no memoranda is filed that warrants another interpretation of the Ordinance, the Court will thereafter issue a Judgment Order in favor of the City.  Id.

Electronically signed on July 16, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

6