STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 15-2-14 Vtec |
|---|---|
| Farmer Mold & Machine Works, Inc. CU<br>Permit | DECISION ON MOTION |

## Decision on Farmer Mold & Machine Works, Inc.'s Motion for Summary Judgment

Farmer Mold & Machine Works, Inc. and its principal Jim Gilmour (Applicant) received a Conditional Use Permit from the town of Clarendon Board of Zoning Adjustment (the Board), by written decision dated January 24, 2014, to move its business into an existing and unused 16,000 square foot building located at 2705 Route 7B in the town of Clarendon, Vermont (the building).  In addition to the physical relocation of the business, Applicant proposed interior renovations to the building to accommodate Applicant's business needs and make the building more energy efficient as well as the construction of an on-site septic system and the instillation of a wood pellet storage silo.

Vera Maria L. Kalakowski, Vera M. K. Kalakowski-Tizabi, Claire Kalakowski, Marjorie White Southard, Marion Pratico, Albert Trombley, Mary Trombley, George Solotruck, Mary Solotruck, Giles Jewett, Jr., Henry Vergi, Shirley Loomis, Doris roach, Helen Darby, and Shelly Allen (initial Appellants) timely appealed the conditional use permit to this Court.  We note that in the Entry Order on initial Appellants' motion for party status, issued contemporaneously with this decision, we dismissed some of these persons as appellants in this appeal for lack party status.  Initial Appellants Shirley Loomis, Doris Roach, Helen Darby, Shelly Allen, and Vera M. K. Kalakowski-Tizabi were dismissed because they do not own or occupy property in the immediate neighborhood of the subject property.  Although initial Appellants Vera Maria L. Kalakowski, Claire Kalakowski, Marion Pratico, Mary Trombley, Mary Solotruck, Giles Jewett, Jr., and Henry Vergi satisfied the elements of interested persons, they are not entitled to appellant status because they did not participate in the proceedings below; they are, however, entitled to interested person status.  Having satisfied the elements of interested person status and having

participated in the proceedings below, initial Appellants Marjorie White Southard, Albert Trombley, and George Solotruck are recognized as appellants in this matter (Appellants).

On June 16, 2014 Applicant moved for summary judgment in its favor on all issues presented in Appellants' Statement of Questions. By motion dated June 19, 2014, Applicant also challenged the standing of all Appellants and moved to dismiss the appeal. In an Entry Order issued contemporaneously with this Decision, we address that motion, granting it in part and denying it in part.

Applicant is represented in the matter by A. Jay Kenlan, Esq. and Appellants are represented by Victor J. Segale, Esq.

### Factual Background

For the sole purpose of putting the pending motions into context the Court recites the following facts, which it understands to be undisputed:

1. Applicant Farmer Mold & Machine Works, Inc. and its principal Jim Gilmour, seek a conditional use permit to establish business operations in an existing but unused 16,000 square foot building.

2. The building is located on an approximately 11.9 acre parcel of land at 2705 Route 7B in the town of Clarendon, Vermont. The parcel formerly consisted of two separate lots. Lot 1 contained the building, which was owned by Pepsi Bottling Ventures and used as a warehouse and distribution center. Lot 2 was owned by Green Mountain Power.

3. The parcel is located in the Residential and Commercial Zoning District.

4. Applicant is a mechanical and electrical engineering company that designs and builds automated material handling equipment.

5. Applicant seeks to move from its current facility in St. Petersburg, Florida to the former Pepsi Building in Clarendon, where Applicant intends to design, fabricate, assemble, package, store, and sell custom machines and parts intended for an international client base.

6. The machines produced range in size, the largest measuring approximately eight feet long, four feet wide, and seven feet high.

2

7.    Applicant proposes renovations to the building that will both accommodate its business activities and make the building more energy efficient, including the addition of a precision machine shop, installation of a wood pellet storage silo, and the construction an on-site septic system.

8.    All activities other than employee parking and deliveries to and from the building will be carried on inside the building. No storage or production activities will take place outside the building.

### Analysis

Applicant now moves for summary judgment on all three Questions in Appellants' Statement of Questions. Appellants' Question 1 challenges the conditional use permit issued to Applicant for a "light industrial."[1] Appellants contend that "the permit should have been denied as the business should have been classified as a 'manufacturing' and 'assembly' business which is not a permitted use in the Residential and Commercial Zoning district." (Appellants' Statement of Questions at 1, filed Mar. 10, 2014).

Question 2 relates to Appellants status as interested persons and specifically challenges Applicant's use, asking whether it should be defined as a prohibited "manufacturing and assembly" use or as "light industry," a conditional use in the Residential and Commercial District. As to the former portion of Appellants' question, we address whether the Board erred in determining that they were not interested persons more fully in the entry order on Applicant's motion to dismiss issued contemporaneously with this decision. Similar to the latter portion of Question 2, Question 3 asks whether the Board was "correct in 'defaulting' to the definition of 'light industry' as used in the Clarendon Zoning Regulations because 'manufacturing' and 'assembly' have no specific definitions in the Clarendon Zoning Regulations" in granting Applicant's conditional use permit. Id. at 2.

Because we address Appellants status as interested persons in the accompanying entry order, the definition of Applicant's proposed use is the sole legal issue addressed in this appeal. It is on this issue that Applicant moves for summary judgment, asking the Court to determine as

---

[1] We note that in this de novo appeal we do not review the decision of the municipal panel to determine whether it was proper or not. We therefore construe the question to ask whether Applicant's use can be approved as a "light industrial" use in this de novo appeal.

a matter of law and based on the undisputed facts that the proposed development fits the definition of "light industry."

## I.    Summary Judgment Standard

The Court will grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). In opposing a motion for summary judgment, however, a party seeking to raise a dispute of facts must file with the Court "a separate and concise statement of disputed facts, consisting of numbered paragraphs with specific citations to particular parts of materials in the record . . . ." V.R.C.P. 56(c)(1)(A). These materials, whether already in the record or submitted by the party in response to the motion, must be in a form that would be admissible in evidence, including affidavits and other evidentiary materials. V.R.C.P. 56(c)(2). If the responding party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." V.R.C.P. 56(e)(3). The Court "need consider only the materials cited in the required statements of fact, but it may consider other materials in the record." V.R.C.P. 56(c)(3).

## II.    Defining Applicant's Use

Appellants did not file a statement of disputed facts or any supporting document that tend to establish a dispute as to any of the facts asserted by Applicant. We will therefore grant summary judgment if justified by Applicant's motion and the undisputed facts. Id. Appellants' contend that "the correct characterization, understanding or definition of Appellee's business" is disputed. (Appellant's Mem. in Opp. To Appellee's Mot. for Summ. J. at 1, filed July 30 2014). Appellants go on to state:

> The key issue to be determined on this *de novo* Appeal is what is the full extent and nature of Appellee's business proposed to be conducted on the property in question relative to the uses allowed in the respective zoning districts and

4

definitions contained (or not contained) in the Clarendon Zoning Regulations. How the true nature of the proposed business is defined and understood really is at the center of the dispute between Appellants and Appellee.

Id. at 4. Apart from this assertion, however, Appellants contest no factual description of the proposed use as characterized in documents in the record, which includes the application filed with the Board. We therefore find Applicant's proposed use for the building to be undisputed. Because the definition of Applicant's proposed use requires both interpretation and application of the Regulations to the relevant undisputed factual descriptions, we conclude that this is a question of law appropriate for resolution through summary judgment. See In re Burlington Airport Permit, 2014 VT 72, ¶ 7 (describing "interpretation of a municipal zoning ordinance" as a "matter of law" and noting that "[w]hen construing a zoning ordinance, we apply the same rules as when construing a statute"); State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt. 24 ("The interpretation of a statute is a question of law that we review de novo.").

In considering this legal issue, we interpret a zoning ordinance using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. Where the plain meaning of the ordinance is clear it must be enforced and no further interpretation is necessary. Vermont Alliance of Nonprofit Orgs. v. City of Burlington, 2004 VT 57, ¶ 6, 177 Vt. 47 (citing Hill v. Conway, 143 Vt. 91, 93 (1983)).

It is the stated purposes of the Residential and Commercial District to both "provide for residential areas and encourage affordable housing, while permitting commercial enterprises" and to "provide for development compatible with existing commercial and residential structures." Town of Clarendon Zoning Regulations (Regulations) § 202(B). The Table of Permitted and Conditional Uses, Article III of the Regulations, establishes that "Light Industry and Warehouse" use is a conditional use in the Residential Commercial District and that "Manufacturing, Processing, and/or Assembly" use is prohibited. Regulations § 305. The Definitions section, Article X of the Regulations, defines "Light Industry" as:

The manufacture of finished products or parts, including processing, fabrication, assembly, treatment, packaging, incidental storage, sales, and distribution of such products but excluding basic industrial processing. Includes those uses which are generally not objectionably because of noise, frequent and/or heavy

5

truck traffic, or fumes. Light industry uses are those which consist of the production, processing, cleaning, testing or distribution of materials or goods.

The Regulations do not define "Manufacturing, Processing, and/or Assembly." Appellants contend that Applicant's proposed use, as described above in the factual background section, should properly be considered a "manufacturing" or "assembly" use and therefore should be prohibited. We disagree.

Based on the plain and ordinary meaning of the definition of "light industry," some level of manufacturing, design, assembly, packaging, storage, sale, and distribution of manufactured goods and products is permissible as a conditional use in the Residential and Commercial District. This is the exact use described and proposed by Applicant in the documentation supporting its application for a conditional use permit and this motion for summary judgment. Because Appellants have not contested any of these underlying facts, we take them as undisputed.

The fact that "light industry" includes as part of its definition "the manufacture of finished products or parts" clearly indicates that some manufacturing is allowed in the Residential and Commercial District, even where the Regulations state that "Manufacturing, Processing, and/or Assembly" as a use category is prohibited. This is an apparent ambiguity. "Because zoning ordinances limit common law property rights, any uncertainty must be resolved in favor of the property owner." In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22 (citing In re Weeks, 167 Vt. 551, 555 (1998)). Giving Applicant the benefit of this principle, the proposed use is a "light industry" use as that term is defined in the Regulations.

### Conclusion

As noted above, the sole legal issue raised in Appellants' Statement of Question, other than Appellants' status as interested persons, is whether Applicant's use can be defined as "light industry" and therefore allowable as a conditional use. Appellants raise no issues regarding the Regulations conditional use criteria or any adverse impacts of Applicant's use. Having determined that Applicant's proposed use fits within the definition of "light industry," we answer Appellants' Questions in favor of Applicant and **GRANT** Applicant's motion for

6

Summary Judgment. As this was the only challenge to Applicant's Conditional Use Permit, that Permit, issued by the Town of Clarendon Board of Zoning Adjustment, remains in full effect.

This concludes the matter before the Court. A judgment order accompanies this Decision.

Electronically signed on January 07, 2015 at 09:23 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division