STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 53-4-14 Vtec |
|---|---|
| Couture Subdivision Permit | DECISION ON MOTION |

## Decision on Motion for Summary Judgment

Before the Court on appeal is a decision by the Town of Ferrisburgh Planning Commission ("Planning Commission") granting Jacqueline Couture ("Applicant") approval to reconfigure and further subdivide an existing two lot subdivision at 70 Locust Lane in the Town of Ferrisburgh, Vermont ("the Project"). Barry Estabrook and Rux Martin ("Appellants"), who own and occupy property adjacent to the subject property, timely appealed that decision to this Court and filed a Statement of Questions detailing seven Questions. Now pending is a motion from Applicant requesting either summary judgment or dismissal of all seven Questions. Applicant is represented by James Runcie, Esq. Appellants are self-represented. The Town of Ferrisburgh ("Town") is represented by James Carroll, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, all of which either the parties represent are undisputed or we have determined to not be disputed, based upon the parties' factual representations:

1. Jacqueline Couture owns approximately 31.6 acres of land at 70 Locust Lane in Ferrisburgh, Vermont ("the Property").

2. The Property originally consisted of two separate lots. There were no structures on the approximately 21.8± acre northern lot and a four bedroom house on the approximately 9.8± acre southern lot.

3. Applicant sought approval to adjust the boundary between the northern and southern lots such that the northern lot ("lot 3") would be reduced to 10.3+/- acres and the southern lot

1

increased to 21.3 acres+/-. Applicant also sought approval to subdivide the southern lot into two parcels: an 11.1+/- acre lot to the west ("lot 2") and a 10.2+/- acre lot to the east ("lot 1").

4. Appellants Barry Estabrook and Rux Martin own and occupy property at 295 Locust Lane. Appellants' property is adjacent to the Property to the northeast.

## Discussion

The pending appeal raises seven Questions regarding Applicant's boundary adjustment and subdivision and challenges the Planning Commission's determination that the Project is in conformance with the Town of Ferrisburgh Zoning By-Laws and Subdivision Regulations. In her motion, Applicant seeks dismissal of the appeal, arguing that Question 1 is too vague for proper review; Questions 3, 4, and 5 were not before the Planning Commission and are therefore not within this Court's jurisdiction on appeal; Questions 2, 3, and 6 relate to procedural issues and are thus moot in this de novo proceeding; and Question 7 refers to a non-existent provision of the Town of Ferrisburgh Town Plan ("Town Plan"). As an alternative to dismissal, Applicant moves for summary judgment on all Questions.

## I.  Standard of Review

Applicant moves to dismiss Appellants' Questions 2 through 6 as outside the Court's subject matter jurisdiction. Vermont Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. In reviewing such motions, we accept as true all uncontroverted factual allegations and construe them in a light most favorable to the nonmoving party (here, Appellants). Rheaume v. Pallito, 2011 VT 72, ¶ 2 (mem.).

As to the remaining Questions, Applicant moves for summary judgment. A moving party is entitled to summary judgment upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). In considering a motion for summary judgment, we do not "make findings on disputed factual issues." Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

We note that Appellants did not respond to Applicant's statement of facts indicating whether the facts were disputed or not as required by Rule 56. The Court will therefore only treat as disputed those facts that are contradicted by Appellant's response to Applicant's motion.

When considering the legal issues presented in this appeal, we are reminded that we must interpret a zoning ordinance using the general rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will therefore "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. Where the plain meaning of the ordinance is clear, it must be enforced and no further interpretation is necessary. Vermont Alliance of Nonprofit Orgs. v. City of Burlington, 2004 VT 57, ¶ 6, 177 Vt. 47 (citing Hill v. Conway, 143 Vt. 91, 93 (1983)).

## I.     Questions 2, 3, and 6

Questions 2, 3, and 6 all relate to whether Appellants received proper notice. Question 2 asks whether Applicant or the Town erred in failing to provide timely notice of the decision and Question 6 asks whether the Planning Commission erred in approving the permit despite Applicant's failure to give proper notice of the decision. Question 3 asks whether Applicant erred in failing to provide the Planning Commission with timely notice of the effect of the approved septic shield area.[1]

Applicant argues that these Questions are outside the scope of this Court's review in this de novo appeal. Applicant is correct that we review appeals from municipal panel decisions de novo, and, accordingly, absent due process violations, we do not consider alleged procedural defects in the proceedings below. In re Pelkey Final Plat Major Subd., No. 172-12-12 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. July 26, 2013) (Durkin, J.) (citing Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'" (quoting In re Poole, 136 Vt. 242, 245 (1978))); In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶¶ 10–13, 190 Vt. 259 (holding that all but the most "structural" procedural errors are cured by subsequent de novo review). Appellants do not

---

[1] Question 3 specifically challenges notice of the effect of the approved septic system and not the subdivision approval. As noted below, questions regarding the septic and building permits are not before this Court.

allege any injury to themselves due to a failure to receive a copy of the decision on Applicant's subdivision application. The decision from the Planning Commission indicates that Appellant Estabrook participated in that proceeding, and Appellants have timely appealed the subdivision decision to this Court. We will therefore not review the adequacy of notice, as alleged shortcomings in procedural matters below are not grounds for this Court's denial of the permit application.

As Questions 2, 3, and 6 relate entirely to the procedures followed by the Planning Commission during its hearing on the application now before us in this de novo appeal, those Questions are outside the scope of this appeal. We therefore **GRANT** Applicant's motion as to Questions 2, 3, and 6 and those Questions are **DISMISSED**.

### III.     Questions 4, 5, and 7

Questions 4 and 5 challenge the Planning Commission's review of the application, specifically with regards to Applicant's septic system. Question 4 asks whether there is an alternate location for the proposed septic system and Question 5 asks whether the Planning Commission erred in approving the permit despite the Property's non-compliance with state septic regulations. Question 7 asks whether the Planning Commission erred in failing to consider the application's impact on "scenic viewscapes," as required by the Town Plan. Applicant argues that these Questions are beyond this Court's jurisdiction in this de novo appeal because jurisdiction over wastewater treatment systems lies entirely with the Vermont Agency of Natural Resources ("ANR") and because neither the Town Plan nor the Regulations are drafted in such a way as to regulate scenic viewscapes. For the reasons stated below, we agree with Applicant's assertions.

The scope of an appeal before this Court is defined by the powers of the municipal panel below, and thus this Court's review is limited by the substantive standards applicable in the proceeding before the Planning Commission. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g); In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."). The Planning Commission's review of the application was limited to the Town of Ferrisburgh Subdivision Regulations ("Regulations"). If the Planning Commission was without authority to

address the legal issues presented by Appellants' Questions, this Court is without the authority to address such issues as well.

Relevant to Questions 4 and 5, the Regulations require that septic systems be depicted on the preliminary and final subdivision plats and comply with municipal health regulations and certain setback requirements, but the Regulations do not contain provisions that otherwise regulate the location or suitability of a wastewater treatment system. See Regulations §§ 310.1(15), 320.1(7), 440.6(C), (D). The authority to regulate wastewater systems lies exclusively with ANR. See 10 V.S.A. § 1976(b) (superseding municipal ordinances and zoning bylaws that regulate wastewater systems). Whether Applicant's septic system is or is not in compliance with state regulations is a matter for ANR, and any challenge should be raised before that Agency. For this reason, the issue raised by Question 5 is outside this Court's jurisdiction within this appeal. Likewise, whether there is another location for the septic system is outside this Court's current jurisdiction.

By their Question 4, Appellants do not ask whether the location of the septic system meets state or local requirements, and they cannot pose such a question here, since Applicants have received ANR approval for their wastewater treatment system and that approval was not appealed. The Subdivision Regulation's only requirement regarding the location of subsurface sewage treatment systems is that they be situated at least 100 feet from water supplies and 250 feet from public drinking water supplies. Regulations § 440.6(D). Because Appellants do not allege that the septic system violates these provisions, and because the Regulations do not require the Planning Commission, and hence this Court on appeal, to approve the location of septic systems generally, Question 4 is beyond the jurisdiction of this Court. For these reasons, we are compelled to **GRANT** Applicant's motion to dismiss Appellants' Questions 4 and 5 and in so doing, **DISMISS** those Questions.

We next consider Appellants' Question 7, which asks whether the proposed subdivision "plan compl[ies] with the Town Plan by siting two new homes and large septic mounds in a scenic viewscape?" Appellants provide no citation to a specific provision of the Town Plan, nor do they cite to a provision of the Subdivision Regulations that requires subdivision plans to conform to the Town Plan. We are therefore left to wonder how the Regulations provide this

Court with the authority to analyze Applicant's proposed subdivision for Town Plan compliance, and we are left to wonder what provisions of the Town Plan Appellants believe the proposed subdivision offends. Since Appellants have not clarified these important legal Questions, we must also **DISMISS** Question 7.

In their response to Applicant's motion, specifically in regard to Applicant's challenge to Question 7, Appellants cite to Subdivision Regulation §410.5. This regulatory provision makes no reference to the Town Plan, but does state that "due regard shall be given to the preservation and protection of existing [natural] features," including "scenic points." While this provision states an admirable goal for land use planning in Ferrisburgh, we are at a loss to determine what standards are established to guide us in making sure that "due regard" is shown by the proposed subdivision. Therefore, to the extent that Appellants wish to pursue a legal challenge based upon conformance with Regulations § 410.5, we direct that they provide these clarifications in the same manner and time frame discussed below concerning Question 1.

## IV.     Question 1

Question 1 challenges the application's compliance with "all of the criteria set forth in the Town of Ferrisburgh zoning and subdivision bylaws." Applicant argues that this Question is too vague and therefore gives no indication about what Appellants believe to be at issue in the matter. As a primary matter, we note that Appellants appear to misunderstand the role of a Statement of Questions. A Statement of Questions should be a "short and plain statement," V.R.C.P. 8(a), that provides notice to other parties and this Court of the "questions that the appellant desires to have determined" in the appeal. V.R.E.C.P. 5(f).

We agree with Applicant that a question as broad as Appellants' Question 1, as stated, fails to narrow the scope of the appeal sufficiently to provide the other parties and this Court with notice of what issues to prepare for trial. In re Rivers Development, LLC, Nos. 7-1-05 Vtec and 68-3-07 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.). However, we understand Question 1 to raise cognizable issues of whether the application satisfies criteria established in the Subdivision Regulations. We will afford Appellants a certain degree of leeway as pro se litigants and therefore **DIRECT** Appellants to clarify Question 1 and specifically state the provisions and criteria for which it seeks review **within 10 business days of this Decision**. If

6

Appellants fail to clarify, or if the issues presented are beyond the scope of this appeal, then Question 1 may be dismissed. We therefore **DEFER** our ruling on Applicant's motion to dismiss Question 1 until after the 10-day period for clarification has passed.[2]

### Conclusion

The legal issues raised in Appellants' Questions 2, 3, and 6 address procedural issues in the proceedings below and are therefore both irrelevant and outside the scope of this de novo appeal. Likewise, the legal issues raised in Appellants' Questions 4 and 5 address Applicant's septic system, an issue over which the ANR has exclusive jurisdiction, was not before the Planning Commission, and therefore is outside the scope of the Court's jurisdiction to address in this appeal. Appellants cause us to wonder by their Question 7 what provision of the Town Plan is at issue. We therefore **GRANT** Applicant's motion to dismiss Questions 2, 3, 4, 5, 6, and 7, and those Questions are **DISMISSED**.

Finally, due to the broad scope and ambiguity of Appellants' Question 1, which addresses the application's compliance with all subdivision and zoning regulations, the Court **DIRECTS** Appellants to clarify Question 1 and specifically state the provisions and criteria for which it seeks review **within 10 business days of this decision**. If Appellants fail to clarify, or if the issues presented are beyond the scope of this appeal, then Question 1 may be dismissed. We therefore **DEFER** our ruling on Applicant's motion to dismiss Question 1 until after the 10-day period for clarification has passed.

Electronically signed on February 23, 2015 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

---

[2] Applicant has moved for judgment in its favor arguing that the relevant Subdivision Regulations are impermissibly vague and therefore unenforceable in this appeal. As we are unclear at this point specifically what Regulations are at issue, we do not address this motion now. Once Appellants have specifically cited the Regulations on which they rely, Applicant may elect to seek judgment as a matter of law based on the validity of those regulatory provisions.