STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 171-12-13 Vtec |

| Shatney NOV (Overturned) | DECISION ON MOTIONS |

**Decision on Cross-Motions for Summary Judgment**

Joyce Mandeville, John Mandeville, David Gross, and Tracy Martin ("Appellants") appeal the Town of Hardwick Development Review Board's ("DRB") decision overturning the Notice of Violation ("NOV") issued to Earl and Wilma Shatney ("the Shatneys") for violation of performance standards under the Town of Hardwick Zoning Regulations ("Regulations"). In connection with their appeal, Appellants filed a five-part Statement of Questions, presenting legal issues generally related to whether the Shatneys' use, maintenance, starting-up, and idling of diesel powered commercial tractors ("trucks") violate performance standards and/or require a zoning permit under the Town of Hardwick Unified Development Bylaws ("the Bylaws").

On September 10, 2014 Appellants filed a motion for partial summary judgment as to their two Questions regarding zoning permits, Questions 4 and 5. The Shatneys subsequently filed a cross-motion for summary judgment as to all of Appellants' Questions, but did so outside the deadline established by this Court in a scheduling order dated July 17, 2014. On November 3, 2014 the Shatneys' requested leave of the court to file its Cross Motion for Summary Judgment on all Questions. While the Cross-Motion was untimely filed, we believe that review of the Shatneys' motion allows for a full pre-trial review of all legal issues in this appeal and have therefore considered the legal arguments contained within it and address both motions below. For that reason, we **GRANT** the Shatneys' request for leave to file their pending motion late and **DENY** Appellants' corresponding motion to strike this Shatney filing.

Finding no dispute as to the facts relevant and material to Appellants' Questions, Appellants' motion for partial summary judgment is ripe for our review.

Appellants are represented in this appeal by Charles Storrow, Esq. The Shatneys are represented by Glenn C. Howland, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, all of which either the parties represent are undisputed or we have determined to not be disputed, based upon the parties' respective factual representations:

1. Earl and Wilma Shatney own and occupy property located at 41 School Street in the Town of East Hardwick, Vermont ("the Property"). The Property is located within the Compact Residential ("CR") zoning district.

2. Appellants Joyce and John Mandeville reside across the street from the Property at 70 School Street, and Appellants David Gross and Tracy Martin reside next door to the Property at 27 School Street. Both properties are located within the CR zoning district, although a portion of the property at 27 School Street is located within the Central Business zoning district.

3. Earl Shatney and his son, Jeffrey Shatney, incorporated and registered two business entities with the Vermont Secretary of State: E. Shatney & Sons Trucking, Inc., and JS Transport, Inc., both of which are trucking businesses. The principal business and physical address of both trucking businesses is listed as 41 School Street in East Hardwick, Vermont.

4. The Shatneys own two 1998 Western Star diesel-powered commercial trucks, both of which are registered to E. Shatney & Sons Trucking, Inc.

5. Earl Shatney derives business income from truck driving activities conducted through E. Shatney & Sons Trucking, Inc. Jeffrey Shatney derives business income from truck driving activities conducted through JS Transport, Inc. The nature of long and short haul trucking requires the Shatneys to conduct revenue-generating activities off-site from the Property at issue in this appeal.

6. When not in use for business activities off-site, the Shatneys' trucks are stored on an outdoor driveway located on the Property. Miscellaneous equipment, including gear, engine oil, and spare or seasonal tires, are generally stored in a locked outbuilding attached to the Shatneys' home, some of which is used for truck maintenance and some of which is used for the maintenance of the elder Mr. Shatney's personal pick-up truck.

2

7.     In order to conduct their business activities, the Shatneys and their corporations must store, idle, and perform routine light maintenance work on their trucks at some location in between their driving activities.  Routine maintenance includes routine safety checks, air pressure tests, fluid level checks, washing, waxing, vacuuming, and light repair, such as mirror or antenna replacement.  The Shatneys have chosen to conduct these business-related activities at or in front of the Property, which is also their personal residence.

8.     The Shatneys often start their commercial trucks while they are located either in the driveway or when parked in front of the Property.  When parked in front of the Property on School Street, the trucks sometimes impede the flow of two-way traffic, especially when a trailer is connected to the truck.

9.     The Shatneys often allow their trucks to idle in their driveway or on School Street for as long as forty-five minutes.  This idling has occurred at all hours of the day or night, including at 3:00 AM.  This idling, particularly during the normal sleeping hours in this residential neighborhood, had disturbed Appellants and their neighbors.

10.     The idling trucks emit diesel fumes from their exhaust stacks, which is discernible by sight and smell at neighboring properties.

11.     The Shatneys did not present any factual representations that other commercial trucks are stored in this residential neighborhood, nor did they present evidence that similar trucks are left idling on other neighborhood properties for a period of time as to regularly emit diesel fumes.

12.     On July 16, 2013 the Town of Hardwick Zoning Administrator ("Zoning Administrator") issued an NOV to the Shatneys alleging a violation of performance standards outlined in § 3.11 of the Bylaws due to "[e]xcessive noise, vibrations, and fumes" caused by the Shatneys' trucks.

13.     The Shatneys timely appealed the NOV to the DRB.  On November 18, 2013 the DRB overturned the NOV, finding that the Shatneys' use of the trucks on their Property within the CR zoning district did not violate the performance standards in § 3.11 of the Bylaws.

14.     On December 12, 2013 Appellants timely appealed the DRB's decision to overturn the NOV to this Court.

15.     The Shatneys do not have a conditional use permit or any other permit for uses on their Property for anything other than a single family residence.

**Discussion**

The pending appeal raises five Questions regarding the Shatneys' use, starting-up, light maintenance, and idling of diesel powered commercial trucks and challenges the DRB's determination that such activities are not in violation of the performance standards under § 3.11(A), subsections (1), (7), and (8) of the Bylaws. In their motion, Appellants seek summary judgment on their Questions 4 and 5. Appellants ask the Court to hold that the use, maintenance, starting-up, and idling of diesel powered commercial trucks on the Shatneys' residential property within the CR district requires a conditional use permit as either a Home Industry or Contractors Yard. The Shatneys seek summary judgment on all Questions, and ask the Court to hold that their use of the Property is behavioral and not land development, and thus does not fall under the Bylaws.

I.      **Standard of Review**

A moving party is entitled to summary judgment upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). In considering a motion for summary judgment, we do not "make findings on disputed factual issues." Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

When considering the legal issues presented in this appeal, we are reminded that we must interpret a zoning ordinance using the general rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will therefore "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. Where the plain meaning of the ordinance is clear, it must be enforced and no further interpretation is necessary. Vermont Alliance of Nonprofit Orgs. v. City of Burlington, 2004 VT 57, ¶ 6, 177 Vt. 47 (citing Hill v. Conway, 143 Vt. 91, 93 (1983)).

## II.     Questions 4 and 5

Questions 4 and 5 ask whether the Shatneys' use, starting-up, light maintenance, and idling of diesel powered commercial trucks are in violation of the Bylaws because their activities require a zoning permit, as either a Home Industry or Contractors Yard.  Appellants move for summary judgment on Questions 4 and 5 only.

As a primary matter, we note that the scope of an appeal before this Court is defined by the powers of the DRB, and thus this Court will apply the legal issues raised by the NOV issued by the Zoning Administrator.  10 V.S.A. § 8504(h); V.R.E.C.P. 5(g); In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader.").  As the NOV gave notice of an alleged violation of performance standards under § 3.11 of the Bylaws, it was within the DRB's power and authority to consider the Shatneys' activities within the scope of the performance standards.  Performance standards "specify acceptable standards or levels of performance that will be required in connection with any use," and are "an alternative to the listing of specific uses permitted in a district."  24 V.S.A. § 4414(5).  As the NOV gave no notice of an alleged violation of Bylaw provisions relating to a Home Industry or Contractor's Yard, this Court is without the authority to address such issues as raised in Questions 4 and 5.  We cannot, therefore, enter summary judgment for Appellants upon those issues, even if the facts before us warrant such a conclusion.  For this reason, we are compelled to **DENY** Appellants' request for summary judgment upon their Questions 4 and 5.  For similar reasons, we **GRANT** the Shatneys' motion for summary judgment as to those two Questions and in so doing, **DISMISS** those Questions from consideration in this appeal.

## III.     Questions 1, 2, and 3

The Shatneys also requested summary judgment upon Appellants' Questions 1, 2, and 3. Those Questions mirror the NOV allegations that the Shatneys have violated Bylaw § 3.11(A)(1), (7), and (8) by causing excessive noise, vibrations, and fumes, respectively.  The parties do not dispute that the Shatneys use, conduct maintenance on, start, and idle diesel powered commercial trucks on or in front of their residential property within the CR district.  Rather than focus on these activities in the context of the performance standards, however, the Shatneys instead speculate as to Appellants' motivation for appealing the DRB's decision to overturn the

5

NOV. The Shatneys assert that they are entitled to judgment as a matter of law because the Bylaws do not regulate the behavior of which Appellants complain, specifically, the presence of commercial trucks in the neighborhood. They suggest that in an "attempt to curtail behavior that offends them," Appellants ask the Court to use zoning regulations to limit the "common, legitimate and necessary actions of the Shatneys driving off to work every day."[1] (Shatney Cross-Motion for Summ, J. at 6, filed Oct. 30, 2014.) However, while we agree with the Shatneys that Appellants motivation should be immaterial to this appeal, we conclude that the Shatneys' compliance with performance standards is not.

Article 3 of the Town's Bylaws establishes "general standards . . . [that] apply to all uses and structures as specified within the Town of Hardwick." Bylaw § 3.1. Bylaw § 3.11(A) establishes performance standards that "must be met and maintained for all uses in all districts." That provision specifically prohibits any use that causes, creates, or results in, among others, regularly occurring noise, clearly apparent vibration, or smoke, dust, noxious gases, or other forms of air pollution. Bylaw §§ 3.11(A)(1), (7), (8). The Zoning Administrator cited to these specific Bylaw provisions in the NOV served upon Mr. and Mrs. Shatney.

Forgoing any discussion of these performance standards, however, the Shatneys argue that their use does not even fall within the ambit of the Bylaws because no land development has occurred. They assert that absent land development, the Bylaws in general, and the performance standards specifically, do not apply to their activities. The Shatneys err in this interpretation.

Although the Bylaws require land development to conform with the requirements therein and prohibit land development not specifically authorized therein, they do not apply solely to land development. This is evident in the general standards listed in Article 3, which "apply to all uses and structures," not merely to land development; the Performance Standards "must be <u>met and maintained</u> for <u>all uses in all districts</u>." Bylaw §§ 3.1, 3.11(A) (emphasis added). Thus, assuming we accept the Shatneys' argument that their use of the trucks is part and parcel of their residential use of the Property such that they do not need a zoning permit,

---

[1] Nowhere do Appellants complain of the simple presence of the Shatney trucks in their neighborhood. Rather, Appellants specifically complain about the allegedly excessive noise, diesel fumes, and sonic vibrations emanating from the idling of the Shatney tractor trucks.

their residential use must meet the performance standards in Bylaw § 3.11(A).[2]  This includes the use of their trucks.

Absent further support from the Shatneys, we find that the facts, particularly when viewed in a light most favorable to Appellants, support the allegations of zoning violations.  We therefore conclude that the Shatneys have failed to show that they are entitled to a judgment as a matter of law, and cannot now grant summary judgment in their favor on Questions 1, 2, or 3.

### Conclusion

The legal issues raised in Appellants' Questions 4 and 5 are not before the Court as they were not noticed in the Notice of Violation sent to the Shatneys and were therefore not before the DRB.  While the facts may strongly indicate that the Shatneys' use of their property requires a conditional use permit, it is outside the scope of the Court's jurisdiction to address those Questions.  We therefore **DENY** Appellants' Motion for Summary judgment in its entirety and **DISMISS** Questions 4 and 5 from this appeal.

The Shatneys are, also, not entitled to a judgment as a matter of law that the Performance Standards of Bylaw § 3.11(A) do not apply to their use.  Those Performance Standards <u>do</u> apply to their use, by the plain language of the Bylaw, regardless of whether that use constitutes land development requiring a conditional use permit.  The issue of whether the Performance Standards of Bylaw § 3.11(A), specifically those noticed in the Notice of Violation, is an issue of fact that we cannot resolve on summary judgment.  We therefore **DENY** the Shatneys' Cross-Motion for Summary Judgment and await each party's presentation of evidence at trial on the remaining Questions.

Electronically signed on February 04, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).



_____
Thomas S. Durkin, Judge
Environmental Division

---

[2] As noted above, this legal issue is not before the Court as it was not raised in the Notice of Violation sent to the Shatneys and therefore not before the DRB.  See <u>In re Torres</u>, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of [an appropriate municipal panel], but it is not broader.").